ELKINS KALT WEINTRAUB REUBEN GARTSIDE LLP
MICHAEL I. GOTTFRIED, State Bar No. 146689
 *mgottfried@elkinskalt.com*
LAUREN N. GANS, State Bar No. 247542
 *lgans@elkinskalt.com*
10345 W. Olympic Blvd.
Los Angeles, California 90064
Telephone: 310.746.4400
Facsimile: 310.746.4499

Attorneys for UG Franchise Operations, LLC

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SANTA BARBARA DIVISION**

| | |
|---|---|
| In re<br><br>SEN FITNESS GROUP,<br><br>       Debtor. | Case No. 9:25-bk-10820-RC<br><br>Chapter 11<br><br>**UG FRANCHISE OPERATIONS, LLC'S CHAPTER 11 STATUS REPORT; DECLARATIONS OF ADAM SEDLACK AND SEAN PENCE IN SUPPORT THEREOF**<br><br>**Status Conference**:<br>**Date:** July 8, 2025<br>**Time:** 1:00 p.m.<br>**Place:** Courtroom 201<br>         1415 State St.,<br>         Santa Barbara, CA 93101<br><br>**Ronald A. Clifford III** |

**TO THE HONORABLE RONALD A. CLIFFORD III, UNITED STATES BANKRUPTCY JUDGE:**

UG Franchise Operations, LLC, ("**Franchisor**") hereby submits this chapter 11 status report.

## I. INTRODUCTION

On June 27, 2025, this Court held hearings on the Debtors' emergency motions to use cash collateral and pay pre-petition wages to employees. Due to multiple issues raised by the Court at the hearings, including that the employees sought to be paid are not employees of the Debtor, the Court denied the motion to pay pre-petition wages to the employees, permitted the Debtor to use cash collateral for certain limited expenses, and continued the hearings (together with a specially scheduled status conference) to July 8, 2025 to determine, among other things, whether it would be appropriate to dismiss or convert the case. Subsequent to the June 27th hearings, UG Franchise Operations, LLC (the "**Franchisor**") entered into discussions with the Debtor, Slava Vilshtein ("**Vilshtein**"), the Debtor's landlord, and the Debtor's equipment providers to determine whether it could enter into agreements with them to obviate the need for the bankruptcy case, maintain the integrity of the franchise, and allow the gym to continue operations as an ongoing entity. Based on these discussions, the Franchisor has reached an agreement, in principle, with the parties whereby the Debtor and Vilshtein have agreed to transfer the assets of the Debtor, including the membership agreements, to a new company formed by certain of the Franchisor's principals ("**NewCo**"), that would enter into a new lease agreement with the landlord, continue to make payments to the secured lenders, and use the Debtor's cash to pay other existing liabilities of the Debtor. The draft term sheet to be entered into among the Debtor, NewCo, and Vilshtein is attached to the appended declaration of Adam Sedlack ("**Sedlack Decl.**") as Exhibit "A".

Based on the above, the Franchisor believes that dismissal of the case would be in the best interests of all parties. If the case was to be converted to Chapter 7, the gym immediately would cease operations, and it is unlikely that there would be any return to creditors. Employees would need to be terminated, the landlord would need to find a new tenant, the secured creditors would be left with collateral whose value is likely far less than their remaining debt, members would be left without an ongoing gym (a significant number of whom have prepaid annual memberships and personal training sessions), the franchise would suffer, and unsecured creditors are unlikely to receive any recovery. Dismissal of the case would provide the parties with an opportunity to finalize their agreements, and retain the status quo of business operations with NewCo in place.

Franchisor's counsel has discussed the matter with counsel for the landlord and counsel for the United States Trustee and understands that the landlord would support dismissal of the case, and that the United States Trustee would not oppose a dismissal of the case. As such, Franchisor respectfully requests that the case be dismissed at the hearing on the Status Conference.

## II.  BACKGROUND

### A.  The Debtor's Business and Principal Assets and Liabilities

On February 16, 2019, Franchisor entered into the UFC GYM Franchise Agreement and Addendum (the "**Franchise Agreement**") with Vilshtein. That said, Sen Fitness Group (the "**Debtor**") has been and continues to operate as the franchisee. The gyms operate under the "**UFC GYM®**" name and other trademarks (collectively, "**UFC GYM Businesses**") and have distinctive business formats, methods, procedures, designs, layouts, standards, and specifications. Pursuant to the Franchise Agreement, Vilshtein was granted and accepted a franchise of this particular UFC GYM business.

On December 7, 2019, Vilshtein entered into the UFC Gym Management Agreement ("**Management Agreement")** with UG Management Company LLC ("**Manager**") for the management of the Debtor located at 451 West Esplanade Drive, Oxnard, CA 93036. As noted by the Court in its tentative ruling on the emergency motions, the Management Agreement has expired by its terms and also appears to have been with Vilshtein as opposed to with the Debtor. The parties have continued to operate under the Management agreement on what appears to be no more than a month to month basis.

The Management Agreement provides that the Manger will manage the Debtor in accordance with the provisions of the Management Agreement and the Franchise Agreement and has the authority and responsibility to take all actions necessary in connection with the management and operation of the Debtor, at the Franchisor's expense, including without limitation: recruiting, employing and supervising employees, establishing pricing, policies, and procedures, providing accounting and bookkeeping services, overseeing public relations, procuring insurance, licensing and supplies and providing back-office support.

///

**B.    The Chapter 11 Case**

On June 19, 2025, the Debtor filed the above captioned Chapter 11 case (the "Case") on the eve of an unlawful detainer action. The Debtor has not filed its schedules or statement of financial affairs which are currently due July 3, 2025. [Docket 1.]

On June 24, 2025, Creditor TUVF - Esplanade, LLC (the "**Landlord**") for the property located at 451 West Esplanade Drive, Oxnard, CA 93036 (the "Gym Property") filed a notice of motion and motion for relief from the automatic stay ("**MRFS**"), and an application for an order shortening time on the MRFS. A hearing on the MRFS has been set for July 15, 2025. [Docket 26.]

On June 25, 2025, the Debtor filed two motions on an emergency basis (1) *Motion in Chapter 11 Case for Order Authorizing Use of Cash Collateral* [Docket 9] ("**CC Motion**") and (2) *Motion in Chapter 11 Case for Order Authorizing Debtor-In-Possession to: (1) Pay Prepetition Payroll; (2) Honor Prepetition Employment Procedures; and (3) Continue Paying Taxes [Lbr 2081-1(A)(6)]*[Docket 10] ("**Employee Motion**"). On June 27, 2025, the Court held a hearing on the Employee Motion and denied the relief sought in therein. [Docket 19]. On June 27, 2025, the Court also held a hearing on the CC Motion and granted it in part, authorizing the Debtor to use cash collateral for certain enumerated purposes, and continued the hearing on the CC Motion to July 8, 2025. [Docket 25.]

On July 1, 2025, the U.S. Trustee moved to dismiss or convert the case (the "U.S. Trustee's Motion"). [Docket 28],

**B.    Global Resolution Pursuant to a Dismissal**

Subsequent to the hearings on the emergency motion, the Franchisor attempted to take all steps necessary to save the ongoing business and preserve the integrity of the franchise. Sedlack Decl. ¶ 4. In that regard, the Franchisor paid all employees with Franchisor funds in the last payroll cycle. The Franchisor also entered into negotiations with each of the major constituents of the case culminating in a draft term sheet (the "Term Sheet") providing the basis for a global resolution that it expects to be fully consummated outside of the bankruptcy proceedings (the "Global Resolution"). *Id.* at ¶ 6.

Pursuant to the Global Resolution which is conditioned on the Court's dismissal of the Case, NewCo will acquire the Debtor's business assets, including without limitation, the Debtor's tangible personal property, customer lists, goodwill, inventory, membership agreements, and personal training contracts, and all cash and accounts receivables. The only consideration provided to the Debtor would be the assumption of certain liabilities of the Debtor specifically agreed to by NewCo. *Id.* at ¶ 7.

As part of the Global Resolution, NewCo is working with the Landlord to enter into a new lease for the Gym Property, and a release of the Debtor (see attached declaration of Sean Pence, ¶ 3.). NewCo is also working towards ensuring ongoing payments to the Debtor's secured creditors who hold liens on the Debtor's gym and fitness equipment (the "**Equipment**") and its cryotherapy machine ("**Cryo Machine**"). *Id.* at ¶ 8-11 .

Based on the current posture of the case, it is clear that either dismissal or conversion of the case is required. The Franchisor believes that a dismissal of the Case, which will allow for the consummation of the Global Resolution, is in the best interest of the franchise as well as the creditors of the Debtor's estate. If this Court was to convert the case, the Debtor's operations would cease, employees would need to be fired, it is unlikely that creditors would receive a significant recovery, if any, and the franchise would suffer. It does not appear that creditors would obtain any recovery in a Chapter 7. As such, Franchisor supports the Trustee Motion to the extent that it seeks dismissal of the case, and respectfully requests that this Court dismiss the case at the upcoming hearing.

DATED: July 3, 2025         ELKINS KALT WEINTRAUB REUBEN
                            GARTSIDE LLP


                            By: /s/ Lauren Gans
                               ———————————————————
                               MICHAEL I. GOTTFRIED
                               LAUREN GANS
                               Attorneys for UG Franchise Operations, LLC

## **DECLARATION OF ADAM SEDLACK**

I, Adam Sedlack, declare as follows:

1. I am the Chief Executive Officer of UG Franchise Operations, LLC, UG Management Company, LLC and Oxnard MMA, LLC. Except as otherwise stated, I have firsthand, personal knowledge of the facts stated herein, and if called as a witness, I could and would competently testify thereto.

2. I make this declaration in support of UG Franchise Operations, LLC's Chapter 11 Status Report ("**Status Report**"). All capitalized terms used and not defined herein shall have the meanings ascribed to them in the Status Report.

3. I am a seasoned fitness industry executive with nearly three decades of experience. I worked at 24 Hours for 14 years where I held positions of increasing responsibility including front desk, sales, Assistant GM, GM, District Manager, Regional Manager, Divisional Sales VP, and Divisional President. In 2008, I joined New Evolution Ventures as the President in charge of UFC GYM. Under my leadership, UFC GYM has quickly grown from a start-up to the 14th largest fitness business in the US with operations in California, Hawaii, and New York. Internationally, UFC GYM has expanded into 28 countries with 541 gyms in development, over $148 million in annual sales, and significant near-term growth prospects under both an owned model and a franchised model.

4. Subsequent to the hearings on the emergency motion, I, along with the other executives at the Franchisor attempted to take all steps necessary to save the ongoing business and preserve the integrity of the franchise. In that regard, in the last payroll cycle, the Franchisor paid all employees with Franchisor funds.

5. I, along with two other executives of Franchisor are in the process of setting up NewCo, to serve as a franchisee to take over the operation of the Debtor's UFC GYM.

6. I have been actively involved in negotiating the terms of the Global Resolution, on behalf of the NewCo, with the Debtor, and the Equipment Provider.

7. I expect that if the Case is dismissed, we will be able to consummate the Global Resolution pursuant to which NewCo will acquire the Debtor's business assets, including without

1 limitation, the Debtor's tangible personal property, customer lists, goodwill, inventory,

2 membership agreements, and personal training contracts, and all cash and accounts receivables.

3 The only consideration provided to the Debtor would be the assumption of certain liabilities of the

4 Debtor specifically agreed to by NewCo.

5     8.  As part of the Global Resolution, I have been and continue to work with the relevant

6 parties to ensure ongoing payments to the Debtor's secured creditors who hold liens on the

7 Debtor's Equipment and Cryo Machine.

8     9.  It is my understanding that Core Health & Fitness ("**Core Health**" or "**Equipment**

9 **Provider**") provides the Debtor with its Equipment and partners with Navitas Credit Corporation

10 ("**Navitas**") to offer financing. I am informed and believe that Core Health, the Equipment

11 provider, is obligated to Navitas for the Equipment leased to the Debtor, that the Debtor is

12 obligated to the Core Health and that Navitas holds a lien on the Equipment.

13     10.  On behalf of NewCo, I have entered into a term sheet with Core Heath to document

14 the confidential terms of an agreement to ensure ongoing payment to Navitas and the continued

15 use of the Equipment by NewCo.

16     11.  NewCo also intends to assume the liability for the debt held by Transportation

17 Alliance Bank which is secured by a lien on the Cryo Machine.

18     12.  NewCo's agreement to move forward with the Global Resolution is contingent on

19 finalization of documentation among the parties, and the dismissal of the bankruptcy case. It is our

20 intention immediately to move forward with the Global Resolution upon dismissal of the

21 bankruptcy.

22     13.  The terms of the Global Resolution are more fully set forth in the term sheet entered

23 into among the Debtor, NewCo, and Vilshtein, a true and correct copy of which is attached hereto

24 as Exhibit "A". The Debtor has informed me that the Global Resolution is acceptable to it as well

25 as to Mr. Vilshtein.

26     14.  I believe that a dismissal of the Case, which will allow for the consummation of the

27 Global Resolution, is in the best interest of all of the creditors of the Debtor's estate, and the

28 franchise. If this case is converted to Chapter 7, the gym will close, employees will be fired, many

ELKINS KALT WEINTRAUB REUBEN GARTSIDE LLP
10345 W. Olympic Blvd.
Los Angeles, California 90064
Telephone: 310.746.4400 • Facsimile: 310.746.4499

members will lose their prepaid annual membership and personal training sessions and all members will be left without their chosen gym.

I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct.

Executed July 3, 2025 at Los Angeles, California.

*Adam Sedlack*  7/3/2025 | 6:16 PM PDT

Adam Sedlack

# EXHIBIT A

DRAFT

## Term Sheet

**Structure**: Asset Purchase between a new franchisee ("**NewCo**"), on one hand, and SEN Fitness, LLC ("**SEN Fitness**") and Slava Vilshtein, an individual, on the other hand (recognizing that the gym and contracts are with both) (collectively, "**Seller**"). NewCo will acquire all Business Assets (defined below) and certain liabilities related to the UFC GYM located in Oxnard, California (the "**Premises**"). Business Assets are defined as the assets listed on Exhibit A attached hereto and any other assets that are related to the business, including, without limitation, (i) all furniture, equipment and fixtures, leasehold improvements, office equipment, supplies, computers, telephones and other tangible personal property, in each case to the extent located at the Premises, (ii) all customer/member lists, permits required in connection with the operation of the business, all prepaid expenses, credits, deposits, advance payments, claims, security or refunds attributed to the business, and goodwill and inventory on hand at the Premises as of the effective date of sale, (iii) the membership agreements, personal training and recovery services contracts for the members of the business, including all prepaid expenses, credits, deposits, advance payments, claims, security or refunds related thereto, and (iv) all bank accounts, cash and receivables related to the business.

- Seller will assign to NewCo all contracts related to the operation of the business.

- The business bank accounts and all other accounts, including ABC accounts, and all dues, revenue, accounts receivable, and any and all other assets and all past, present and future rights to those accounts (list to be as broad and comprehensive as possible) shall be assigned to NewCo, effective as of the petition date. Seller will not allow any funds to be spent from such accounts without NewCo's permission.

- NewCo will operate the Premises as a new franchisee. UG Franchise Operations, LLC ("**UGFO**") and Seller will mutually agree to terminate the existing Franchise Agreement and Management Services Agreement with UGFO and UG Management Company, LLC with respect to the Premises.

**Consideration**: The only consideration will be the assumption by NewCo of certain liabilities of Seller as specifically agreed to by NewCo.

**Other Conditions**:

- Landlord will agree to terminate the lease for the Premises (the "**Lease**") with SEN Fitness and execute a new lease with NewCo for the Premises. Landlord will also agree to forgive all pre-assignment liability under the Lease as it relates to SEN Fitness.

- Core Health and Fitness (the "**Equipment Provider**") will enter into an agreement with NewCo whereby NewCo will pay the monthly equipment debt payments to Equipment Provider while NewCo occupies the Premises. Equipment Provider will maintain its lease agreements with Navitas and the monthly payment associated therewith will be paid by NewCo during the time period that NewCo operates a business at the Premises (subject to

    the terms of the agreement between Equipment Provider and NewCo). Notwithstanding the foregoing, the Equipment Provider will waive and release SEN Fitness from all obligations, including payment obligations, with respect to the equipment debt.

- SEN Fitness and Slava Vilshtein will execute a full release of claims as it relates to NewCo (and its individual owners), UG Franchise Operations, LLC, UG Management Company, LLC and its and their respective affiliates, parents, subsidiaries, franchisees, licensees, etc.  UG Franchise Operations, LLC and UG Management Company, LLC respectively will also release Seller from certain of its post-termination liabilities under the Franchise Agreement and Management Services Agreement associated with the Premises.
- Bankruptcy Court approval or dismissal of the bankruptcy.

**Covenants**:

- Seller will provide all requested assistance to effectuate these transfers, and to prepare and file all pleadings in the Bankruptcy Court, including by signing releases, powers of attorney, certifications, transfer forms, and any other documents necessary or desirable to achieve the transfer, including Bankruptcy Court approval.
- Announcements. Seller, or its agents, representatives or affiliates, will not make any announcements regarding the bankruptcy, the transaction, or the financial situation of the business without preapproval by NewCo and UGFO.

**Other**:

- Nonbinding Term Sheet. This term sheet is non-binding except for the confidentiality provisions.

**[Signature Pages to Follow]**

DRAFT

# EXHIBIT A

1. All member and customer lists, files, records and any other documentation in any medium relating to the business at the Premises and any member deposits, advances and electronic fund transfers ("EFT") related thereto
2. All books and records relating to the business at the Premises (other than general ledgers, tax returns and related correspondence) including all invoices and financial records
3. All accounts receivable and EFT related thereto relating to the business at the Premises
4. Any equipment and fixed assets related to the business
5. Any POS and associated computer hardware relating to the business at the Premises
6. Any office equipment, including, without limitation, the sound system, televisions, camera systems, desks and chairs, vacuums, cleaning supplies and bathroom supplies relating to the business at the Premises
7. Any miscellaneous operating supplies, office equipment and computers contained therein, tools, workout accessories and other related equipment relating to the business at the Premises
8. All merchandise or other inventory for sale relating to the business at the Premises
9. All goodwill as a going concern relating to the business at the Premises
10. All membership agreements related to the business
11. All personal training and recovery services agreements related to the business
12. All ABC agreements related to the business

# DECLARATION OF SEAN PENCE

I, Sean Pence, declare as follows:

1. I am the Chief Operating Officer of UG Franchise Operations, LLC, UG Management Company, LLC and Oxnard MMA, LLC. I have firsthand, personal knowledge of the facts stated herein, and if called as a witness, I could and would competently testify thereto.

2. I make this declaration in support of UG Franchise Operations, LLC's Chapter 11 Status Report ("**Status Report**"). All capitalized terms used and not defined herein shall have the meanings ascribed to them in the Status Report.

3. Over the last week, I have spoken with and exchanged multiple emails and text messages with Arturo Sneider, the Landlord's chief executive officer. We have reached an agreement in principle which includes a release of the Debtor and a new lease for the Gym Property with NewCo as the tenant. Mr. Sneider has indicated that while any agreement is subject to approval by the Landlord's lender, the parties are "aligned" on the path forward.

I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct.

Executed July 3, 2025 at Orlando, Florida.

DocuSigned by:
5FA867F149374A1...

7/3/2025 | 3:37 PM PDT

Sean Pence

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
10345 Olympic Boulevard, Los Angeles, California 90064.

A true and correct copy of the foregoing documents entitled (*specify*): **UG FRANCHISE OPERATIONS, LLC'S CHAPTER 11 STATUS REPORT** will be served or were served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **July 3, 2025**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Eric Bensamochan**    eric@eblawfirm.us, G63723@notify.cincompass.com;services@infotrack.com
- **Jamie Altman Buggy**    jbuggy@harvestllp.com, jkeatingwolk@harvestllp.com,atenreiro@harvestllp.com
- **Brian David Fittipaldi**    brian.fittipaldi@usdoj.gov
- **Michael I. Gottfried**    mgottfried@elkinskalt.com, lwageman@elkinskalt.com,docketing@elkinskalt.com,lmasse@elkinskalt.com
- **Matthew D Pham**    mpham@allenmatkins.com, mdiaz@allenmatkins.com
- **United States Trustee (ND)**    ustpregion16.nd.ecf@usdoj.gov
- 

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) **July 3, 2025**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) **July 3, 2025**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| July 3, 2025 | Lisa Masse | /s/ Lisa Masse |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012* **F 9013-3.1.PROOF.SERVICE**